MICHAEL DOSDALL *vs.* COUNTY OF OLMSTED.

December 19, 1882.

**County—Liability for Injuries from Failure to Repair Court-House.—** A county is not liable for an injury caused by the negligence of its board of county commissioners in failing to repair a court-house, or a sidewalk appurtenant thereto.

Plaintiff brought this action in the district court for Olmsted county, to recover damages for personal injuries alleged to have been caused by the failure of defendant to keep in repair a walk appurtenant to the county court-house. A demurrer to the complaint was sustained by *Start*, J., and the plaintiff appealed.

*Henry C. Butler*, for appellant, cited Cooley on Const. Lim. 246; 1 Thompson on Negligence, 618, 619; *Dean* v. *New Milford Township*, 5 Watts & Serg. 545; *Calvert County* v. *Gibson*, 36 Md. 229; *Com'rs of Anne Arundel Co.* v. *Duckett*, 20 Md. 468; *House* v. *Com'rs of Montgomery Co.*, 60 Ind. 580; *Pritchett* v. *Morgan County*, 62 Ind. 210; *Wilson* v. *Peverly*, 1 Am. Lead. Cas. 645.

*F. B. Kellogg*, for respondent, cited Cooley on Const. Lim. 247; Cooley on Torts, 622; 2 Dillon on Mun. Corp. § 785; 1 Thompson on Negligence, 617; *Hamilton Co.* v. *Mighels*, 7 Ohio St. 109; *Kincaid* v. *Hardin Co.*, 53 Iowa, 430; *Eastman* v. *Meredith*, 36 N. H. 284; *Hedges* v. *County of Madison*, 1 Gilman, (Ill.) 567; *Town of Waltham* v. *Kemper*, 55 Ill. 346; *White* v. *County of Bond*, 58 Ill. 297; *Hollenbeck* v. *County of Winnebago*, 95 Ill. 148; *Hill* v. *City of Boston*, 122 Mass. 344; *Larrabee* v. *Inhabitants of Peabody*, 128 Mass. 561; *Clark* v. *Inhabitants of Waltham*, 128 Mass. 567; *French* v. *City*

*of Boston*, 129 Mass. 592; *Bigelow* v. *Inhabitants of Randolph*, 14 Gray, 541; *Freeholders of Sussex* v. *Strader*, 18 N. J. Law, 108; *Cooley* v. *Freeholders of Essex*, 27 N. J. Law, 415; *Livermore* v. *County of Camden*, 29 N. J. Law, 245; *Woods* v. *Colfax Co.*, 10 Neb. 552; *Wehn* v. *Com'rs of Gage Co.*, 5 Neb. 494; *Granger* v. *Pulaski Co.*, 26 Ark. 37; *Askew* v. *Hale Co.*, 54 Ala. 639; *Reardon* v. *St. Louis Co.*, 36 Mo. 555; *Wood* v. *Tipton Co.*, 7 Baxter, (Tenn.) 112; *Brabham* v. *Sup'rs of Hinds Co.*, 54 Miss. 363; *Sutton* v. *Board of Police*, 41 Miss. 236; *Com'rs of Niles* v. *Martin*, 4 Mich. 557; *City of Detroit* v. *Blackcby*, 21 Mich. 84; *City of Richmond* v. *Long*, 17 Gratt. 375; *Eikenberry* v. *Township of Bazaar*, 22 Kan. 556; *City of Navasota* v. *Pearce*, 46 Tex. 525; *State* v. *Town of Burlington*, 36 Vt. 521; *Baxter* v. *Winoski Turnpike Co.*, 22 Vt. 114; *Lane* v. *District Township of Woodbury*, 12 N. W. Rep. 478; *Eastman* v. *Meredith*, 36 N. H. 284.

VANDERBURGH, J.* The sole question to be determined in this case is the liability of the county of Olmsted for an injury alleged to have been suffered by plaintiff from falling through a broken sidewalk upon the court-house premises, belonging to the county, which had become unsafe and dangerous through the negligence of the county commissioners, whose duty it was to keep the same in repair.

For the purposes of civil administration, the state has created the subordinate political divisions of counties and towns. Their officers are public officers, selected or appointed under the general laws, and perform their duties, which are public, under the authority of the state. They are bodies politic, with limited powers defined by law, and are hence frequently called *quasi* corporations. Dillon on Mun. Corp. (2d Ed.) § 10a. They are created wholly for a public purpose. The liability in this case is predicated upon the fact that the defendants, the board of county commissioners, are the agents of the county, and that the plaintiff has suffered personal injury from their official neglect. They are the agents of the county in this sense, that the powers of the county can only be exercised through them, because the public can only act through officers. The functions of these

*Gilfillan, C. J., because of illness, took no part in this case.

officers are public. They are only such as the law enjoins. It is their duty to keep the court-house in repair, because the law of the state commands it. It is a duty which they owe to the public, and they are accountable to the public alone for their negligence. It is not necessary here to refer to the distinction existing between mere neglect of official duty, and affirmative acts of individual officers resulting in special injuries, or between officers whose duties are wholly public, and those who owe a special duty to those whom they serve for a compensation, as in the case of sheriffs, county clerks, etc.

Where, however, a corporation receives a charter from the state, the enlarged powers granted, and the nature of the duties expressly or impliedly enjoined, have led to the distinction existing between municipal corporations proper, and *quasi* corporations with limited statutory powers, as respects the question of liability to individuals for the negligence of their officers or agents. The almost unbroken current of the authorities is that, as to the latter class of corporations, no such liabilities attach unless expressly provided by statute. This doctrine is too well and too long established to be questioned, and should be regarded as the recognized policy of the state, which the legislature alone should change.

The order sustaining the demurrer to the complaint should be affirmed.