FERDINAND J. ALTNOW and others vs. TOWN OF SIBLEY.

February 6, 1883.

**Negligence—Statutory Town not Liable.**—A statutory town is not liable to a private person, in a civil action, for damages resulting from the disrepair of a public highway.

Plaintiffs brought this action in the district court for Sibley county, to recover damages for injuries occasioned to a portable steam-engine belonging to them, by reason of the negligence of defendant in failing to keep a public highway and bridge in repair, whereby the engine was thrown to the ground and broken. Upon the trial, before *Macdonald*, J., and a jury, upon the opening of plaintiff's case, defendant moved for a dismissal, which was granted. Plaintiffs appeal from an order refusing a new trial.

*George D. Emery*, for appellants.

Defendant is a municipal corporation, and only became such upon the voluntary and express request in writing of its electors. Gen. St. 1878, c. 10. Having voluntarily assumed the powers and duties of a corporation, it must at the same time have assumed a corresponding liability for neglect to perform those duties. Towns incorporated, as defendant is, under Gen. St. 1878, c. 10, are clothed with the power to repair and construct roads and bridges, to raise funds therefor, to levy taxes and to issue bonds. The statute provides for actions by and against these towns and the method of instituting them. They have a corporate fund and corporate property.

These towns differ from the corporations contemplated by the decisions which follow *Russell* v. *Men of Devon*, 2 Term Rep. 667. In that case there was "no corporation fund out of which satisfaction is to be made," and there was no authority for an action against the public. Actions against towns organized under statute have been frequently sustained. *Murphy* v. *County of Steele*, 14 Minn. 51, (67;) *Guilder* v. *Town of Otsego*, 20 Minn. 59, (74;) *Harrington* v. *Town of Plainview*, 27 Minn. 224.

The courts have uniformly held that cities, villages and boroughs

are liable for damages arising from their neglect to repair highways within their limits, while, on the other hand, they have held that "towns" or "townships," as they are variously termed, are not so liable.

The distinction, in this respect, between *quasi* municipal and municipal corporations is wholly unsatisfactory. Dillon on Mun. Corp. §§ 784, 785. Two reasons are assigned, neither of which applies in this case. One is the want of a corporate fund, and the other, that the town is a mere public agency, a part of the state for governmental purposes only, and as the state cannot be sued, neither can the town. Following *Russell* v. *Men of Devon*, which rests upon these distinctions, the New England courts have held that at common law, as to towns, there was neither the duty to repair roads and highways, nor liability for damages arising from a failure to repair, and that, the duty to repair being wholly statutory, there is no liability except such as the statute creates.

We fail to see why a corresponding liability does not flow from a statutory duty, as well as from a common-law duty. Whoever is specially injured by the neglect to perform a duty devolving by law upon any person or corporation, has a right of action for his damages against the person or corporation so derelict or negligent, upon principles of common justice and common law. Indeed, it is upon this very principle that cities, villages and other public corporations are held liable, without any express statute, for damages sustained as in the present case. Their duties and powers are all statutory, and the liability, which the authorities are uniform in imposing, does not arise from any express statute imposing it, but from the principle which we ask to have applied in this case, that the liability is commensurate with the duty and power. *Shartle* v. *City of Minneapolis*, 17 Minn. 284, (308;) *O'Gorman* v. *Village of Morris*, 26 Minn. 267; *Willey* v. *Ellsworth*, 64 Me. 57. No liability existed at common law on the part of cities, villages and boroughs for want of repair of streets and highways. Dillon on Mun. Corp. § 786; 1 Thompson on Negligence, 620.

The powers and duties imposed by statute upon cities and villages, and upon the towns organized under our statutes, being the same in

character, there being in both cases a corporate fund provided, and capacity to sue and be sued given, and there being in neither case any express statutory liability, the inference would seem to be irresistible that the liability is the same in both cases. *Erie City* v. *Schwingle*, 22 Pa. St. 384; *House* v. *Com'rs of Montgomery Co.*, 60 Ind. 580; *Woodruff* v. *Town of Glendale*, 23 Minn. 537; *Waltham* v. *Kemper*, 8 Am. Rep. 652; *Bigelow* v. *Inhabitants of Randolph*, 14 Gray, 541; Dillon on Mun. Corp. § 763; Cooley on Taxation, 479; *Kincaid* v. *Hardin County*, 53 Iowa, 430; *Wilson* v. *Jefferson County*, 13 Iowa, 181; *Brown* v. *Jefferson County*, 16 Iowa, 339; *Kendall* v. *Lucas County*, 26 Iowa, 395; *Taylor* v. *Davis County*, 40 Iowa, 295; *County Com'rs* v. *Duckett*, 20 Md. 468; *County Com'rs* v. *Gibson*, 36 Md. 229; *Flynn* v. *Canton Co.*, 40 Md. 312; *Wheeler* v. *Troy*, 20 N. H. 77; *Dean* v. *New Milford Township*, 5 W. & S. 545; *Pittsburg City* v. *Grier*, 22 Pa. St. 54; *Humphreys* v. *County of Armstrong*, 56 Pa. St. 204; *Pa. & O. Canal Co.* v. *Graham*, 63 Pa. St. 290; *Meadville* v. *Erie Canal Co.*, 18 Pa. St. 66; *McLoughlin* v. *City of Corry*, 7 Legal Gazette, 13; *Rapho and West Hempfield Townships* v. *Moore*, 68 Pa. St. 404; *Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *Robinson* v. *Chamberlain*, 34 N. Y. 389; *Adsit* v. *Brady*, 4 Hill, 630; *Hover* v. *Barkhoof*, 44 N. Y. 113; *Parnaley* v. *Lancaster Canal Co.*, 11 Ad. & El. 223; 1 Thompson on Negligence, 581.

*Sylvester Kipp*, for respondent, cited *Weightman* v. *Washington*, 1 Black, 39; *Van Epps* v. *Com'rs*, 25 Ala. 460; *Askew* v. *Hale Co.*, 54 Ala. 639; *Sherburne* v. *Yuba Co.*, 21 Cal. 113; *Beardsley* v. *Smith*, 16 Conn. 368; *Bray* v. *Town of Wallingford*, 20 Conn. 416; *Governor* v. *Justices*, 19 Ga. 97; *Town of Waltham* v. *Kemper*, 55 Ill. 346; *White* v. *County of Bond*, 58 Ill. 297; *Eikenburg* v. *Township of Bazaar*, 22 Kan. 556; *Reed* v. *Inhabitants of Belfast*, 20 Me. 246; *Riddle* v. *Proprietors*, 7 Mass. 169; *Mower* v. *Inhabitants of Leicester*, 9 Mass. 247; *Bigelow* v. *Inhabitants of Randolph*, 14 Gray, 541; *Hill* v. *City of Boston*, 122 Mass. 344; *Com'rs* v. *Martin*, 4 Mich. 557; *Larkin* v. *County of Saginaw*, 11 Mich. 88; *Brabham* v. *Sup'rs of Hinds Co.*, 54 Miss. 363; *Swineford* v. *Franklin Co.*, 6 Mo. App. 39; *Reardon* v. *St. Louis Co.*, 36 Mo. 555; *Ball* v. *Town of Winchester*, 32 N. H. 435, 443; *Eastman* v. *Meredith*, 36 N. H. 284; *Freeholders of Sussex* v.

*Strader*, 18 N. J. Law, 108; *Conrad* v. *Village of Ithaca*, 16 N. Y. 158; *Garlinghouse* v. *Jacobs*, 29 N. Y. 297; *Hamilton Co.* v. *Mighels*, 7 Ohio St. 109; *Treadwell* v. *Com'rs*, 11 Ohio St. 183, 190; *Taylor* v. *Peckham*, 8 R. I. 349; *Wood* v. *Tipton County*, 7 Baxter, (Tenn.) 112; *Hyde* v. *Town of Jamaica*, 27 Vt. 443; *Russell* v. *Men of Devon*, 2 Term Rep. 667; *Makinnon* v. *Penson*, 25 Eng. Law & Eq. 457; Dillon on Mun. Corp. §§ 10, 762, 785.

BERRY, J. Is a statutory town liable in a civil action for damages resulting from the disrepair of a public highway?

This question, though new here, has often been answered by other courts. The very great preponderance of authority holds that no such liability exists, unless by express statute. A multitude of adjudged cases upon the subject are collected by Chief Justice Gray in *Hill* v. *City of Boston*, 122 Mass. 344. See, also, 2 Dillon, Mun. Corp. §§ 996, 1000; 1 Thompson, Negligence, 618, 620, and numerous citations. The ground upon which the exemption from liability is usually placed is substantially this: A town is a *quasi* and public corporation only, and, as such, a part of the government of the state. The duties enjoined upon it by law are enjoined upon it *as a part of government*, and not otherwise. They are, therefore, public in nature; that is to say, they are duties to the state, and not to private persons. Hence, a breach of one of them creates a liability to the state only,—a public liability,—on account of which an offending town may be amenable to a public action by indictment. This is the general rule. Exceptions may, of course, be made by statute, so that, in addition to or in place of the public liability, a town may be subjected to a private action for damages.

In this state, while it is made the duty of towns to keep public highways in repair, there is no statute imposing upon them a liability to private persons for damages resulting from a failure to perform the duty. We are, therefore, of opinion, in accordance with the great weight of authority, that a statutory town is not liable in a civil action for damages resulting from the disrepair of a public highway. That this conclusion is also in accordance with the general understanding prevailing in the profession and in the community ever since

the organization of the territory, (over 30 years,) is pretty clear, when it is considered that there is no instance, so far as we discover from the briefs of counsel or otherwise, of an attempt to support such an action as this in this court.    This is a consideration of weight when the frequency of the occasions for such actions, if they were maintainable, is borne in mind.    As remarked by Ashurst, J., in *Russell* v. *Men of Devon*, 2 Term Rep. 667: "It is a strong presumption that that which never has been done cannot by law be done at all."

Reference is made by counsel to the fact that, as held generally and by this court, (*Shartle* v. *City of Minneapolis*, 17 Minn. 284, (308;) *O'Gorman* v. *Village of Morris*, 26 Minn. 267; and many other cases,) municipal corporations having special charters, with provisions imposing the care of streets upon them, are liable, in private actions, for disrepair of streets; and it is contended that as by statute it is made the duty of towns to keep highways in repair, and taxation for that purpose authorized, the rule of liability applicable to the corporations mentioned ought to be applied to them also.    But whatever may be the reasons assigned, and whether they are consistent, or, in all instances, sensible or not, the distinction between the two cases is clearly and firmly established.    See authorities *supra*.

The fact referred to by plaintiff's counsel, that, under the statute now in force, a town is organized upon the petition—the voluntary request—of a majority of the electors within its proposed territory, does not bring them within the rule applied to municipal corporations with special charters, or its alleged reason.    It is said that this defendant was not organized under the present statute; but, irrespective of this, and, whatever the fact may be, the petitioners for a town organization simply avail themselves of a general law under which an organization of a town may be effected—that is to say, of a town with its ordinary and statutory powers and liabilities.    In principle, we perceive no difference between this case and *Dosdall* v. *County of Olmsted*, *ante*, p. 96, in which a rule analogous to that above stated was applied to a county, and upon like grounds.

Order affirmed.

GILFILLAN, C. J.   I find it hard to distinguish in principle between cities and towns in respect to their liability for neglect of the duty imposed upon them to repair streets and highways.   But the distinction is established by the great mass of authorities, and was recognized and acted on by this court in *Dosdall* v. *County of Olmsted, ante,* p. 96. That case, I think, disposes of this.