GULLIK O. GULLIKSON v. ALEXANDER F. McDONALD and Another.[1]

Oct. 24, 1895.

Nos. 9727—(310).

**Municipal Corporation—Defective Lockup—Liability for Injuries to Prisoner.**

Held,. a municipal corporation is not liable for negligently maintaining its lockup or prison in a defective and unfit condition, by reason of which a prisoner confined therein is injured.

**Same—Wrongful Act of Police Officer.**

Neither is a municipal corporation liable for the wrongful acts of its police officers, constable, or marshal in making arrests or detaining prisoners.

[1] Reported in 64 N. W. 812.

Appeal by defendant village of Ada from an order of the district court for Norman county, Ives, J., overruling its demurrer. to the complaint. Reversed.

*Calkins & Sharpe*, for appellant.

*William Watts*, for respondent.

CANTY, J.   The defendant, the village of Ada, demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   This is an appeal by it from an order overruling the demurrer.

The complaint alleges that said village is, and on January 26, 1895, was, a municipal corporation, and prior thereto caused to be erected a village prison or lockup, in which it required persons under arrest to be detained and imprisoned; that said building was open, cold, and wholly unfit to be used as a lockup in the winter season, or to detain any person in during cold weather; that the defendant McDonald was then the duly appointed, qualified, and acting marshal of said village; that on said day, as said marshal, he arrested the plaintiff, and, against his will, detained and imprisoned him in said lockup all night, without reasonable cause, right, or authority to do so; that said night was very cold, and plaintiff was so kept in the lockup, without fire, for two hours, and the balance of the time, during said night, said lockup was insufficiently heated, by reason of which plaintiff contracted rheumatism, has suffered pain therefrom, and been permanently disabled, to his damage in the sum of $5,000.

We are of the opinion that the complaint states no cause of action against the defendant village.   It is a well-settled rule of law that municipal corporations are not liable for either negligent omissions or commissions in the performance of duties for which they receive no pecuniary profit, but which are imposed upon them as mere governmental agencies.   Thus, it is held that a city is not liable for the negligence of its servant operating the passenger elevator in its city hall.   Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763.   A county is not liable for its negligence in permitting the footwalks used as a means of access to its courthouse to be out of repair.   Dosdall v. County of Olmsted, 30 Minn. 96, 14 N. W. 458. There is one well-established, but anomalous, exception to this rule;

and that is the rule which holds municipal corporations (as distinguished from quasi municipal corporations) liable for permitting their streets and highways to be defective, or out of repair. If this general rule of immunity of municipal corporations from liability is not always good public policy, it is a question for the legislature, and not for the courts. The rule is now too long and too well established for the courts to change it.

That a municipal corporation is not liable for the wrongful acts of its police officers, constable, or marshal, in making arrests or detaining prisoners, is too well settled to require discussion.

The order overruling the demurrer is reversed.