MARY A. WELTSCH v. TOWN OF STARK.[1]

June 4, 1896.

Nos. 9802—(115).

**Defective Highway—Liability of Town—Direct Acts of Negligence.**
  A statutory town is not liable in an action by a private person for injuries sustained by him while using its highway, which were caused either by its failure to repair or by direct acts of negligence of its officers in repairing the highway. Altnow v. Town of Sibley, 30 Minn. 186, followed. Peters v. Town of Fergus Falls, 35 Minn. 549, distinguished.

Appeal by plaintiff from an order of the district court for Brown county, Webber, J., denying a motion for a new trial. Affirmed.

*Somerville & Olsen,* for appellant.

No reason exists for the distinction made in Russell v. Men of Devon, 2 T. R. 667, between the liability of a municipal corporation proper and that of a quasi-municipal corporation such as defendant. Statutory towns possess substantially the same rights, privileges, and duties as do municipal corporations proper. See G. S. 1894, §§ 1775, 1777, 1778. At common law no action lay against municipal corporations for failure to repair or keep in order streets and highways. 2 Dillon, Mun. Corp. § 1000; 1 Thompson, Neg. 620. Yet, by reason of the duties imposed by their charters, they are liable for neglect to repair. O'Gorman v. Village of Morris, 26 Minn. 267, 3 N. W. 349; Shartle v. City of Minneapolis, 17 Minn. 284 (308).

The reasons assigned why towns are not liable for neglecting to act or to repair are (1) want of a corporate fund, and (2) that the town is part of the government of the state. The first does not apply in this state, where towns have authority and means to make repairs. The second does not apply in cases of direct acts of negligence. Quasi-municipal corporations are liable for direct acts of negligence. Dosdall v. County of Olmsted, 30 Minn. 96, 14 N. W. 458; Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586;

[1] Reported in 67 N. W. 648.

Township of Blakely v. Devine, 36 Minn. 53, 29 N. W. 342; Pye v. City of Mankato, 36 Minn. 373, 31 N. W. 863; 9 Am. & Eng. Enc. Law, 378, and authorites cited in note 1; 2 Dillon, Mun. Corp. § 1024.

Towns in this state have a corporate capacity as respects the laying out and opening of highways, and the supervisors are merely officers and agents of the town, and yet the town is held responsible for their acts in highway proceedings. Woodruff v. Town of Glendale, 23 Minn. 537; Township of Hutchinson v. Filk, 44 Minn. 536, 47 N. W. 255. The work of constructing or repairing highways is' not a judicial, but simply a ministerial, act, and the maxim that no one has a right to so use his own as to injure others applies to towns in highway matters. Tearney v. Smith, 86 Ill. 391.

In New York the distinction for which we contend has been made. Conrad v. Trustees of Village of Ithaca, 16 N. Y. 158; Weet v. Trustees of Village of Brockport, reported with Conrad v. Trustees; Rochester White-Lead Co. v. City of Rochester, 3 N. Y. 463; People v. Corporation of Albany, 11 Wend. 539; Elliott, Roads & S. 446, 447. See, also, Carpenter v. Nashua, 58 N. H. 37; City of Joliet v. Harwood, 86 Ill. 110; Oliver v. City of Worcester, 102 Mass. 489.

A municipal corporation is liable for negligence in placing obstructions in a street, or in performing work and making improvements on the street, to the same extent as an individual. Adams v. City of Oshkosh, 71 Wis. 49, 36 N. W. 614. An individual would be liable for the acts complained of. Beck v. Carter, 68 N. Y. 283; Dygert v. Schenck, 23 Wend. 445, 35 Am. Dec. 575; McCabe v. Town of Hammond, 34 Wis. 590.

*L. G. Davis* and *John Lind*, for respondent.

A town is liable for injuries caused by direct acts of negligence on the part of the road overseer in repairing a highway. Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877; Freeholders of Sussex v. Strader, 18 N. J. Law, 108; Hill v. City of Boston, 122 Mass. 344; Walcott v. Inhabitants of Swampscott, 1 Allen, 101; Bryant v. City of St. Paul, 33 Minn. 289, 23 N. W. 220; Grube v. City of St. Paul, 34 Minn. 402, 26 N. W. 228; Bigelow v. Inhabitants of Randolph, 14 Gray, 541; Abbett v. Johnson County, 114 Ind. 61, 16 N. E. 127; Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812.

START, C. J. The plaintiff was injured while riding along a public highway of the defendant town, by reason of an unguarded excavation in the road which was made under the direction of the proper overseer of highways, in attempting to repair the highway. She brought this action against the town to recover damages for her injuries. When the plaintiff rested, the trial court, on motion of the defendant, dismissed her action, and she appealed from an order denying her motion for a new trial.

The sole question presented for our decision by this appeal is whether or not a statutory town in this state is liable in an action by a private person for injuries sustained by her while using its highway, which were caused by direct acts of negligence on the part of the road overseer or other officers of the town in repairing such highway. It is the settled law of this state that a private person cannot recover from a statutory town for injuries resulting from the disrepair of a public highway. Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877. The claim of plaintiff is that, while it must be conceded that a statutory town is not liable to a private person for injuries sustained by him by reason of the neglect of the road overseer to repair the highway, yet for his positive negligent acts in attempting to repair the highway, resulting in such injuries, the town is liable. On principle, there can be no difference between the cases, for, whether the neglect is positive or negative, the result is the same. In the one case it is a failure to repair; that is, a neglect to perform a public duty. In the other it is a failure to properly repair; that is, the negligent performance of a public duty. Both cases fall within the rule that no private action, unless given by statute, lies against a town or other municipal or quasi-municipal corporation for either the nonperformance or negligent performance of any public duty imposed on it by general statute as a governmental agent, without its request, and from the performance of which it derives no profit. Altnow v. Town of Sibley, supra; Dosdall v. County of Olmsted, 30 Minn. 96, 14 N. W. 458; Bank v. Brainerd School Dist., 49 Minn. 106, 51 N. W. 814; Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763; Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812.

The reason for the nonliability of a town to private persons for injuries resulting from the condition of its highways, as stated in

Altnow v. Town of Sibley, is this:[2] "A town is a quasi and public corporation only, and, as such, a part of the government of the state. The duties enjoined upon it by law are enjoined upon it as a part of government, and not otherwise. They are therefore public in nature; that is to say, they are duties to the state, and not to private persons. Hence a breach of one of them creates a liability to the state only,—a public liability,—on account of which an offending town may be amenable to a public action by indictment. This is the general rule." This reason for the rule exempting towns from liability applies just as imperatively to positive acts of negligence of the officers of the town in repairing the highway as it does to their neglect to repair at all; that is, both positive and negative acts of negligence on the part of the town officers are within the reason of the rule. It is too late to discuss or criticise the rule, for it is and has been the law of this state from its beginning. To hold that the rule did not include direct acts of negligence on the part of the town officers would be to ignore the reason of the rule, and to practically repudiate the rule itself.

It is claimed, however, on behalf of the plaintiff, that the distinction contended for was recognized and sanctioned by this court in the case of Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586. That the claim is not correct becomes apparent on a simple statement of the ground on which the town was held liable in that case. The plaintiff in that case owned land adjoining the highway, and it was held that as to him, as such owner, the town owed the same duty as the law imposes upon adjacent owners of real property to each other. It had no more right to cause damage to his land in constructing or repairing the adjoining highway than any other adjacent owner would have; and, when it so constructed the culverts in the highway as to wrongfully turn the water upon his land, it violated a private duty it owed exclusively to him, as such adjacent proprietor. But in the case at bar the plaintiff seeks to charge the town with liability to herself for its neglect of the public duty, not only to repair, but to properly repair, its highways. The distinction between the cases is obvious.

Order affirmed.

[2] At page 189.