## CASPER A. ACKERET v. CITY OF MINNEAPOLIS.

## ALOYSIUS J. ACKERET v. SAME.[1]

### March 26, 1915.

### Nos. 19,082, 19,083—(276, 277).

**Municipal corporation.**

1. In establishing, caring for and maintaining streets, highways and public

[1] Reported in 151 N. W. 976.

---

Note.—On the question of the municipal liability for defects or obstructions in paths in parks, see note in 20 L.R.A.(N.S.) 574. And as to the liability for injuries through unsafe conditions in parks or public grounds other than streets, see note in 33 L.R.A.(N.S.) 523.

parks, municipalities act in their governmental and not in their proprietary capacity.

### Same — liability for negligence — exception.

2. Cities and villages are liable for injuries resulting from dangerous conditions in their streets; but, with this single exception, municipalities are not liable in damages for negligence in performing their governmental functions, unless such liability has been imposed by statute.

### Same — thoroughfares in parks.

3. A city that constructs and maintains walks and footpaths in its parks which are used as thoroughfares in passing from one part of the city to another is liable for injuries resulting from dangerous conditions in such walks caused by the negligence of its employees.

### Same — notice of claim for personal injury.

4. A notice given by a parent of a claim for injuries sustained by his minor child which contains the essential information required by the statute is sufficient, although it fails to state specifically that the parent claims damages on his own account and also as the statutory representative of his child, and fails to make an apportionment between the two of the amount claimed.

### Action for loss of services of minor — parties plaintiff.

5. A father who is supporting the family may maintain an action for loss of the services of a minor child without joining the mother as a party plaintiff.

Two actions in the district court for Hennepin county, one by the father to recover $1,000 for loss of services, and $250 for disbursements caused by the personal injury of his minor son, and the other in behalf of the minor to recover $30,000 for the same injuries. The answer in the former action alleged, among other matters, that the injuries were caused by the carelessness of plaintiff and his wife in permitting his child to walk and play in a pile of ashes without first ascertaining whether any hot coals or other materials were concealed therein, and without ascertaining whether it was safe to permit the child to play there, and alleged that plaintiff and his wife by ordinary observation and the use of their senses could have discovered the danger, if any, to which the child would be subject in running or walking into the ashes.

The former action was tried before Hale, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury

which returned a verdict of one cent. Defendant's motion for judgment notwithstanding the verdict was denied, and plaintiff's motion for a new trial was denied in case he accepted an increase of the verdict to $300, it appearing that the damages awarded by the jury were inadequate, and given under the influence of passion and prejudice and contrary to law. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

The second action was tried before Hale, J., and a jury which returned a verdict for $3,333. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed. .

*C. J. Rockwood,* for appellant.
*Healy & La Du,* for respondent.

TAYLOR, C.

Under and pursuant to chapter 281 [p. 404] of the special Laws of 1883, and the acts amendatory thereof and supplemental thereto, the board of park commissioners of the city of Minneapolis has established, improved and maintains a system of parks and parkways for the use of the inhabitants of that city. Among the parks so established and maintained is a tract of about 36 acres, now known as Loring Park, located in the midst of a thickly settled portion of the city. Running through this park in various directions are numerous gravel and cement walks and footpaths, but no carriage ways. These walks and paths are in constant use as thoroughfares by people passing from one part of the city to another. On April 30, 1913, employees of the park board raked together a large quantity of leaves and other rubbish and burned it at the intersection of two or more of these walks. When they quit work at night they left the ashes and unburned rubbish lying upon the walk. In the evening of the same day, Aloysius J. Ackeret, a child less than two years of age, while proceeding along the walk with his mother, stumbled and fell into this pile of ashes, and burned his hands upon the coals and heated refuse underneath the ashes to such an extent that his right hand is permanently crippled. Casper A. Ackeret, the father of the child, brought two actions for damages,

one on behalf of the child and the other on his own behalf, and recovered a verdict in both. In the action brought by the father in his own behalf, defendant moved for judgment notwithstanding the verdict. This motion was denied. Judgment was entered, and defendant appealed therefrom. In the action brought on behalf of the child, defendant moved for judgment notwithstanding the verdict or for a new trial. This motion was also denied and defendant appealed from the order denying it. The two cases were argued together and submitted upon one brief.

The important question presented is whether the city is liable in damages for injuries resulting from dangerous conditions in the walks or pathways in its public parks.

1. In establishing, maintaining and caring for streets, highways and public parks, a municipality acts in its governmental and not in its proprietary capacity. City of St. Paul v. Chicago, M. & St. P. Ry. Co. 63 Minn. 330, 63 N. W. 267, 65 N. W. 649, 68 N. W. 458, 34 L.R.A. 134; Schigley v. City of Waseca, 106 Minn. 94, 118 N. W. 259, 19 L.R.A.(N.S.) 689, 16 Ann. Cas. 169; City of International Falls v. Minnesota, D. & W. Ry. Co. 117 Minn. 14, 134 N. W. 302; Blair v. Granger, 24 R. I. 17, 51 Atl. 740; Hartford v. Maslen, 76 Conn. 599, 57 Atl. 740; Higginson v. Treasurer, etc. of Boston, 212 Mass. 583, 99 N. E. 523, 42 L.R.A.(N.S.) 215; Russell v. Tacoma, 8 Wash. 156, 40 Am. St. 895; Board of Park Commissioners v. Prinz; 127 Ky. 460, 105 S. W. 948; Bisbing v. Asbury Park, 80 N. J. Law, 416, 78 Atl. 196, 33 L.R.A.(N.S.) 523. From the earliest times, it has been the recognized rule that a municipality is not liable in damages for negligence in performing its governmental functions, unless such liability had been imposed by statute. This rule has been recognized and applied many times by this court. Dosdall v. County of Olmsted, 30 Minn. 96, 14 N. W. 458, 44 Am. Rep. 185; Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877, 44 Am. Rep. 191; Bryant v. City of St. Paul, 33 Minn. 289, 23 N. W. 220, 53 Am. Rep. 31; Grube v. City of St. Paul, 34 Minn. 402, 26 N. W. 228; Bank v. Brainerd School District, 49 Minn. 106, 51 N. W. 814; Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L.R.A. 151;

129 M.—13.

Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812; Miller v. City of Minneapolis, 75 Minn. 131, 77 N. W. 788; Claussen v. City of Luverne, 103 Minn. 491, 115 N. W. 643, 15 L.R.A.(N.S.) 698, 14 Ann. Cas. 673; Brantman v. City of Canby, 119 Minn. 396, 138 N. W. 671, 43 L.R.A.(N.S.) 862.

But by what is termed in Lane v. Minnesota State Agricultural Society, 62 Minn. 175, 64 N. W. 382, 29 L.R.A. 708, an "illogical exception to this rule," it has become firmly established in this state, and in most of the middle and western states, that a city is liable for injuries resulting from defects or dangerous conditions in its streets. 2 Dunnell, Minn. Dig. § 6814; 15 Am. & Eng. Enc. 420. The reasons assigned for making a distinction between such cases and those governed by the general rule are various and not very satisfactory. The reason most generally assigned is that such municipalities, having been given the exclusive control over their streets with ample power to provide funds to care for and maintain them, are chargeable with the duty to keep them safe for travel; and that it follows by implication therefrom that they are liable for failure to perform such duty. 15 Am. & Eng. Enc. (2d ed.) 420; Shartle v. City of Minneapolis, 17 Minn. 284 (308); Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444, 53 Am. Rep. 23; Blyhl v. Village of Waterville, 57 Minn. 115, 58 N. W. 817, 47 Am. St. 596; Peterson v. Village of Cokato, 84 Minn. 205, 87 N. W. 615; Schigley v. City of Waseca, 106 Minn. 94, 118 N. W. 259, 19 L.R.A.(N.S.) 689, 16 Ann. Cas. 169. But it is difficult to see why the same reasoning would not also impose liability upon cities for negligence in performing many of their other governmental functions. It would certainly apply with equal force to the case now under consideration, for the city is given as plenary power in respect to its parks as in respect to its streets. In Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L.R.A. 151, it is suggested that the distinction can best be sustained upon considerations of public policy and the doctrine of *stare decisis*. The exception, whether logical or otherwise, is now too firmly established to be questioned, and our present concern is to determine whether the case at bar is controlled by the exception or by the general rule.

On examining the grounds upon which liability is imposed for defects in streets, we find that the same grounds exist for imposing liability for defects in the walks and pathways in question. These walks and pathways were used not merely for purposes of pleasure and recreation, but as thoroughfares for passing from one part of the city to another. They differed from other walks provided by the city for the use of pedestrians only in the fact that they were within the limits of a park. We find no substantial distinction between such walks and those located along the public streets. When we turn to the decided cases, we find a diversity of opinion. The New England states, as well as some others, do not recognize the exception to the general rule which we have been considering, and hold that a city is not liable for defects in its streets unless such liability is expressly imposed by statute, and, of course, also hold that it is not liable for defects in the paths and ways traversing its parks. Most of the cases cited by defendant are from states where such is the rule, and lack cogency in states which have adopted a different rule. Some courts, however, hold that a city is liable for negligence in respect to its streets, but is not liable for negligence in respect to its parks. Board of Park Commissioners v. Prinz, 127 Ky. 460, 105 S. W. 948; Russell v. City of Tacoma, 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895. Other courts hold that it is also liable for negligence in respect to its parks. Denver v. Spencer, 34 Colo. 270, 82 Pac. 590, 2 L.R.A.(N.S.) 147, 114 Am. St. 158, 7 Ann. Cas. 1042; Barthold v. Philadelphia, 154 Pa. St. 109, 26 Atl. 304; Weber v. Harrisburg, 216 Pa. St. 117, 64 Atl. 905; Silverman v. City of New York, 114 N. Y. Supp. 59. We find no sufficient ground for making a distinction between the walks and pathways in question and the ordinary sidewalks provided by the city for the use of pedestrians, and hold that the city is liable for dangerous conditions therein caused by its own employees. See Kleopfert v. City of Minneapolis, 90 Minn. 158, 95 N. W. 908.

2. The statute requires every person who claims damages from a city for injuries sustained by reason of defective streets, or through the negligence of city employees, to cause a written notice to be presented to its governing body stating the time, place and circum-

stances of the injury, and the amount of compensation demanded. A notice was duly served stating the time, place and circumstances of the accident in question; that the child was the infant son of Casper A. Ackeret; and that damages were claimed in the sum of $10,000. The notice was signed by the attorney for Casper A. Ackeret. Defendant contends that this notice is fatally defective in this: That the accident gave rise to two claims for damages—one in favor of the father and one in favor of the child—and that the notice states only one claim and does not specify whether that is the claim of the child or of the father; and further contends that in any event the notice cannot serve as a basis for both actions. The purpose of the notice is to give the municipal officers information which will enable them to ascertain and investigate the facts while the evidence is available, and to determine whether a liability exists, and, if so, the nature and extent of such liability. While the essential requirements of the statute must be complied with, it has been determined that a claimant is not barred from maintaining his action because his notice was informal, or not technically accurate, if the information required by the statute could, in substance, be ascertained therefrom. Kelly v. City of Minneapolis, 77 Minn. 76, 79 N. W. 653; Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375; Terryll v. City of Faribault, 81 Minn. 519, 84 N. W. 458; Terryll v. City of Faribault, 84 Minn. 341, 87 N. W. 917; Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449; Larkin v. City of Minneapolis, 112 Minn. 311, 127 N. W. 1129; Wornecka v. City of St. Paul, 118 Minn. 207, 136 N. W. 561.

The notice in question gave the officials full and accurate information as to the time, place and circumstances of the injury. It also informed them that the one injured was the infant son of the one giving the notice, and that damages were claimed in the sum of $10,000. If the facts stated in the notice were true, the law gave the father the right to bring two actions—one in his own behalf and one in behalf of his child. It is true that the notice did not state whether he made the claim in his own behalf, or in behalf of the child, or in behalf of both; and, if in behalf of both, that it did not apportion the damages between them. The natural

inference would be that he was insisting upon all the rights given by the law. We think that all the essential facts were set forth, and that no prejudice resulted to defendant from the failure of the father to state specifically that he claimed damages both individually and as the statutory representative of his child, or from his failure to apportion the damages between the two claims. The purpose of the notice was fully accomplished, and we hold that it was not so defective as to bar either right of action.

3. In the action brought in his own behalf, the father sought to recover for the expenses which he had incurred in providing medical and surgical treatment for the child, and also for the partial loss of services which will result from the child's crippled condition. Defendant demurred to the complaint on the ground that two causes of action were improperly united, and that there was a defect of parties plaintiff. The demurrer was overruled, and defendant answered. The same questions were again raised by objections interposed to the answer and were again ruled against defendant. Defendant's contention is that the claim for loss of services vested in the father and mother jointly and that they must bring a joint action in order to recover therefor. This contention is based upon comparatively recent statutes.

Section 7146, G. S. 1913, among other things, provides:

"Where husband and wife are living together, they shall be jointly and severally liable for all necessary household articles and supplies furnished to and used by the family."

Section 7442, G. S. 1913, states:

"The father and mother are the natural guardians of their minor children, and, being themselves competent to transact their own business and not otherwise unsuitable, they are equally entitled to their custody and the care of their education. If either dies or is disqualified to act, the guardianship devolves upon the other."

Defendant insists that both parents are equally liable for the support of their children, and are equally entitled to the custody of them, and that it follows as a consequence that they are jointly entitled to the benefit of the services of the children, and must bring a joint action to recover for the loss of such services. This con-

tention is correct to some extent, but we think it was neither the purpose nor the effect of these statutes to make any material change in the duty imposed upon the husband and father to support and maintain the family. Other late statutes making his failure to do so a criminal offense point strongly to the contrary. Where he in fact performs this duty, we think he may maintain an action to recover for loss of the services of his minor child. If in fact he did not perform such duty, a different question would be presented which is neither involved nor determined herein.

It follows that the order in one case and the judgment in the other are affirmed.