## JOHN R. BOYD v. CITY OF DULUTH.[1]

June 26, 1925.

No. 24,847.

**Husband's defective notice of claim for personal injury to wife remedied by description of place in wife's notice.**

In his notice to the city, a husband, who claimed damages for the loss of his wife's services caused by injuries she sustained by reason of a defective sidewalk, failed to describe the place of the accident with sufficient definiteness and certainty. The wife's notice was served at the same time as the husband's. In her notice the place of accident was sufficiently described. The city was not misled by the defect in the husband's notice. Under these circumstances the two notices should be regarded as one, and, when read together, the husband's notice is sufficient.

See Municipal Corporations, 28 Cyc. pp. 1453, 1494.

Action in the district court for St. Louis county. The case was tried before Fesler, J., and a jury which returned a verdict in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was granted. Plaintiff appealed. Reversed.

*Lewis & Hunt, Harry W. Lanners* and *Nelson W. Mongrain,* for appellant.

*John B. Richards,* City Attorney, for respondent.

LEES, C.

This action was brought by the husband of the plaintiff in Katie A. Boyd v. City of Duluth, to recover for the loss of his wife's services. The jury returned a verdict in his favor, but the court granted the city's motion for judgment notwithstanding the verdict, and he has appealed from the judgment.

The motion for judgment was based solely on the ground that the notice of injury was defective in that the description of the

[1] Reported in 204 N. W. 562.

place where Mrs. Boyd was injured was too indefinite to satisfy the requirements of G. S. 1923, § 1831.

It appears that both of the notices were presented to the city authorities at the same time. In the wife's notice the place of injury was described as follows:

"The concrete sidewalk extending along the southerly and westerly side of Grand Avenue at and about 50 feet east of its intersection with 59th Avenue West in the city of Duluth, and at a point upon said sidewalk immediately in front of the doorway of the premises known as No. 5904 Grand Avenue."

In the husband's notice the statement is as follows:

"While traveling in a southwesterly direction upon the concrete sidewalk extending along the southerly and westerly side of Grand Avenue, Katie A. Boyd, the wife of the undersigned, slipped, lost her balance, fell and sustained a serious personal injury, to-wit: the fracture of both bones of her left leg four inches below the knee."

Both notices state that the "injury was caused by the accumulation of a ridge of slippery ice on said sidewalk at or about the place hereinbefore mentioned," and the husband's notice concludes with the following statement:

"That for said injuries so sustained by Katie A. Boyd, the wife of the undersigned, claimant will claim compensation and damages from the city of Duluth for the loss of services of his said wife."

The day and hour of the accident, as specified in both notices, are the same, and the nature of the injury to Mrs. Boyd and the condition of the sidewalk which caused her to slip and fall are described in both notices in identical language.

The omission from the husband's notice of the words which follow "Grand avenue" in the wife's notice is the defect upon which the ruling of the district court was based, and the only question is whether the defect is fatal to his right of action. The rule applicable to notices of this kind is stated in Harder v. City of Minneapolis, 40 Minn. 446, 448, 42 N. W. 350:

"A notice of this character ought not to be construed with technical strictness. It is enough if it gives the officer * * * information * * * so as to be of aid to him in investigating the question of the liability of the municipality. And when it conveys the necessary information to the proper person it is good, even though there are some inaccuracies in it."

It appears that when the two notices came to the attention of the city attorney, his assistant had no difficulty in locating the place of the accident, for he described it in his testimony and produced photographs of the place taken the day after the accident. There is and can be no claim that the city was in any way misled or prejudiced. The defective description was evidently due to carelessness on the part of the person who wrote the notice. It seems to have been partially copied from the wife's notice, with such changes as were necessary to make it fit the husband's claim. It cannot be contended that there was any intention to deceive the city.

We are of the opinion that the two notices should be regarded as one and read together. When so read, there can be no doubt about the sufficiency of the husband's notice. This conclusion finds support in Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D, 1111, Ann. Cas. 1916E, 897, and Sweeney v. City of New York, 225 N. Y. 271, 122 N. E. 243.

The judgment is reversed and the case remanded with directions to enter judgment in plaintiff's favor upon the verdict.

Mr. Justice Holt took no part.