## WALLACE P. HITCHCOCK v. COUNTY OF SHERBURNE AND OTHERS.[1]

October 29, 1948.

No. 34,688.

[1]Reported in 34 N. W. (2d) 342.

*R. F. Merriam,* for appellant.

*Howard S. Wakefield,* for respondent County of Sherburne.

*Carroll & Thorson,* for respondent county commissioners.

MAGNEY, JUSTICE.

Plaintiff appeals from orders sustaining demurrers to his complaint.

The action is brought against the county of Sherburne, the several county commissioners as individuals, and Walter George, an employe of the county.

■ County aid road No. 48 lies within the town of Palmer in defendant county. The complaint alleges in substance that this road was originally a town road; that prior to September 14, 1946, "the Town Board of Palmer had duly offered and tendered to the defendant, * * * the control, care and maintenance of certain roads * * * including said County Aid Road No. 48, and offered to pay therefore [*sic*] good and full consideration for such supervision, care and maintenance by the defendant * * *"; that "Such offer was duly accepted by the defendants, the county commissioners * * * in behalf of defendant county, and at all times hereinafter referred to the said road has been under the supervision, control and maintenance of the County * * * and its officers, agents and servants, who are named as defendants herein, * * *. That pursuant to such contract and for the purpose of carrying out its terms * * * the defendants as county commissioners employed the defendant, Walter George, as its and their servant and agent to operate the county's machinery in scraping and dragging the said road";

that George did go over said road with a grading machine and negligently scraped the loose sand of said road and negligently deposited it in such a manner that it left a ridge, the appearance of which was deceptive, thus creating a mantrap dangerous to persons not having knowledge of the condition; and that plaintiff, a passenger in an automobile, was injured by reason of the dangerous condition of the road. To this complaint, demurrers were interposed by the county and the county commissioners. Defendant George answered. The trial court sustained the demurrers, and we think properly so.

M. S. A. 296.36 provides in part:

"The county board of each county is hereby authorized to designate as a county aid road any county or town road therein * * *. Such designation shall be evidenced by resolution of the county board * * *.

"All county aid roads shall be constructed, improved, and maintained by the county."

Section 296.37, subd. 1, reads in part:

"The money apportioned to each county under the provisions hereof [provisions relating to use and disposition of gas tax] and not used to pay interest or principal on county road or bridge bonds * * * shall be used solely in the construction, improvement, and maintenance of county aid roads * * * and expended by the county board on such county aid roads as it shall determine and in the manner herein provided."

County aid road No. 48 here involved must have been taken over under the statutory provisions. There is no allegation that the road was not properly designated as a county aid road. It follows that the road was to "be constructed, improved, and maintained by the county." The statute imposes that duty.

Plaintiff in effect concedes that if it were not for the pleaded contract relationship between the county and the town the demurrers were properly sustained. He has no quarrel with the statement in

Gaare v. Board of Co. Commrs. 90 Minn. 530, 531, 97 N. W. 422, 423, laying down this universal rule:

"* * * It is now well settled in this country and state that counties are involuntary corporations, organized as political subdivisions of the state for governmental purposes, and are not liable for the neglect of their officers or agents, unless expressly made so by statute."

The court in that case cites Barnes v. District of Columbia, 91 U. S. 540, 23 L. ed. 440; Dosdall v. County of Olmsted, 30 Minn. 96, 14 N. W. 458, 44 Am. R. 185; Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877, 44 Am. R. 191; Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L. R. A. 151; Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812. We might add Weltsch v. Town of Stark, 65 Minn. 5, 67 N. W. 648, and Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D, 1111, Ann. Cas. 1916E, 897. Of course, in this state no statute has been enacted imposing such liability on the county. In establishing, maintaining, and caring for highways, a county acts in its governmental and not in its proprietary capacity. Plaintiff contends, however, that because of the contract relationship between the town and the county, which he has pleaded, the county acted in a proprietary capacity, and that the county is in a position no different from that of a private road contractor.

█ Plaintiff also, in effect, concedes that if it were not for the pleaded contract, no liability would attach to the individual county commissioners. As has been stated, in the maintenance of public highways, the county acts in its governmental capacity, and the duty of the county commissioners in that connection is a purely public one, owing to the state. Failure to perform such duty will not give rise to a cause of action in favor of an individual. If such duty is ministerial only, "that is, when it is in obedience to the mandate of legal authority and the act is to be performed in a prescribed manner, without the exercise of the officer's judgment upon the propriety of the act, and the failure to perform is the proximate cause of the injury sustained," liability attaches. Stevens v. North

States Motor, Inc. 161 Minn. 345, 348, 201 N. W. 435, 436, 40 A. L. R. 36. In that case, the demurrer interposed by defendant county commissioners as individuals was sustained. There is no allegation in this complaint that the county commissioners were performing any ministerial act, or that they were present when the questioned ministerial act was performed, or saw its results after the performance. See, Wilbrecht v. Babcock, 179 Minn. 263, 228 N. W. 916; Nelson v. Babcock, 188 Minn. 584, 248 N. W. 49, 90 A. L. R. 1472.

■ The defendant county commissioners are not responsible for the negligence of George. There is no allegation that they were negligent in his selection. A public officer is not responsible for the tort of his subordinates or servants who are employed by him or under him in the discharge of his official duties. The rule of *respondeat superior* does not apply. Wilbrecht v. Babcock and Nelson v. Babcock, *supra.*

Plaintiff, however, contends, and his complaint so states, that the town and county entered into a contract wherein the county took the place and responsibility of the ordinary road contractor and is liable for its torts and the torts of its employes to the same degree as a private road contractor would be liable. The statutes, however, outline the duties of the county relative to county aid roads, and in carrying out these duties the county acts in its governmental and not in its proprietary capacity. The county, having taken over the town road in question and having converted it into a county aid road, certainly acts in a governmental capacity when it maintains it. We are not impressed with plaintiff's novel contentions, and we are of the opinion that the trial court properly sustained the demurrers.

Orders affirmed.