## Short v. Khanka, Inc.

*Gus Mildes,* for plaintiffs.

*Ronald Shipman, John DiGiacomo, George Hahalis,* for defendants.

*Jackson Sigmon* for Borough of Bangor.

GRIFO, *J.,* November 28, 1977 — This matter is before us on the preliminary objections in the nature of a demurrer of the additional defendant, the Borough of Bangor.

The complaint avers the death of one Jeannie L. Short and personal injuries to Craig M. Short, Joseph Gerhart and Michael Gerhart, as the result of a fire which occurred in their apartment, which building was owned by defendant, Khanka, Inc. The complaint alleges that a door which lead from the apartment to the roof of the adjoining building had been nailed shut by defendants, David Sabatine and Pamela Sabatine, owners of the adjoining building, thereby cutting off plaintiffs' means of escape in the fire which occurred.

In its complaint joining additional defendants, defendant, Khanka, Inc., joined, inter alia, the Borough of Bangor on a theory of sole liability or of contribution, alleging that the borough was negligent in failing to enforce its fire code, inspect plaintiffs' premises, and eliminate the dangerous condition regarding the escape door. The borough filed the within preliminary objections, averring that it owes no duty to these plaintiffs to enforce its code, to inspect plaintiffs' premises, or to eliminate dangerous conditions of which it has no notice.

The additional defendant also moves for a more specific pleading, averring that the complaint fails to cite the particular laws of the Commonwealth or the borough which the additional defendant is charged with failing to enforce.

In Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (1973), the Supreme Court of Pennsylvania put to rest once and for all the common-law doctrine of governmental immunity. However, while abrogation of the doctrine removes the defense of immunity, it does not, of itself, create any new liability for the municipality: Hoffert v. Owatonna Inn Towne Motel, Inc., 293 Minn. 220, 199 N.W. 2d 158 (1972); Duran v. City of Tucson, 20 Ariz. App. 22, 590 P.2d 1059 (1973). To lie, the cause of action must be grounded in some duty owed by the municipality to plaintiffs individually, and not merely to the public generally: King v. Sullivan, 68 D.&C. 2d 318 (1974); Hoffert v. Owatonna Inn Towne Motel, Inc., supra. See also Motyka v. City of Amsterdam, 256 N.Y.S. 595, 204 N.E. 2d 635 (1965).

Section 1202 of the Borough Code entitled "Specific Powers," Act of February 1, 1966, P.L. (1965) 1656, sec. 1202, 53 P.S. §46202(21), provides that a borough may enact a fire code, and may provide for its enforcement. The exercise of the power is not made mandatory, but is left to the discretion of the borough. There appear to be no Pennsylvania cases construing the liability which accrues to a municipality under this section of the Borough Code; however, the purpose of the grant of such power appears to be to protect the general welfare and public safety. There is no indication that the legislature intended to create a private right of ac-

tion based on a municipality's enactment of a fire protection code.

The case of King v. Sullivan, supra, involved a trespass action against a municipality for the negligent failure to detect inadequate soil conditions prior to the issuance of a permit for a private sewage system. The court therein enunciated the rule which we feel is to be applied to questions of municipal tort liability and the use of due care in the exercise of public safety powers. "The test is whether the [municipality's] relationship to the individual is primary and immediate or secondary and incidental. . ." King, supra, at 323.

In the instant case, we feel that the powers and duties assumed by the borough under its fire code created a relationship which was primary and immediate as to the public at large, and that the borough's relationship to plaintiffs was merely incidental thereto. Hence, under the rationale of the King case, no duty of care arose as to plaintiffs under the borough's fire code. By enacting the code, the borough in no way undertook to underwrite the fire safety of the private properties within its boundaries, nor have plaintiffs alleged that they relied in any way upon the protection of the fire code.

Accordingly, the additional defendant's preliminary objections in the nature of a demurrer are sustained and the complaint joining additional defendant is dismissed as it pertains to the Borough of Bangor.

In view of our holding on the demurrer, we need not rule upon the motion for more specific pleading.

Wherefore, we enter the following

## ORDER OF COURT

And now, November 28, 1977, the preliminary objections of the Borough of Bangor are sustained and the complaint against the borough is denied and dismissed.