BEER, Judge.
Plaintiff-appellant, Perret, filed suit against the City of Westwego, seeking damages in the amount of $310,000 for that city’s alleged failure to establish a Housing Board of Appeals, thus obviating his ability *1071 to appeal to that non-existent agency from the granting of a building permit to an adjacent landowner. He contends that Ordinance # 643 of the City of Westwego authorized the establishment of a Housing Board of Appeals but that no appointments to the Board were made. The City of Westwego filed an exception of no cause of action which was sustained, and Perret appeals.
The basic issue is whether the City of Westwego’s ordinance establishing a Housing Board of Appeals created a private duty to individual citizens, breach of which is actionable. Appellant contends that a private cause of action and a private remedy should be available to “any person aggrieved.” Appellee contends that any duty owed by the municipality was owed to the general public and not to any particular individual.[1]
In Dufrene v. Guarino, 343 So.2d 1097 (La.App. 4th Cir. 1977), we concluded that the city’s ordinance-imposed duty to make building inspections was to the public in general and did not create a duty to particular individuals. Accord, Sanchez v. Village of Liberty, 42 N.Y.2d 876, 397 N.Y.S.2d 782, 366 N.E.2d 870 (1977), and Duran v. City of Tucson, 20 Ariz.App. 22, 509 P.2d 1059 (1973). Also note Hoffert v. Owatonna Inn Towne Motel, Inc., 293 Minn. 220, 199 N.W.2d 158 (1972), which affirmed a trial court’s dismissal of a complaint against the city, reasoning that the issuance of a building permit for remodeling and construction in violation of the city’s building code did not create a cause of action.
Appellant relies upon Shuster v. City of New York, 5 N.Y.2d 75, 180 N.Y.S.2d 265, 154 N.E.2d 534 (1958), which we find inapplicable since the non-establishment of a Housing Board of Appeals was nothing more or less than an unfulfilled statutory directive. There was no malfeasance or omission by an employee of a pre-estab-lished municipal agency.
The judgment maintaining defendant’s exception of no cause of action is affirmed.

AFFIRMED.

. Acknowledging that the ordinanced Housing Board of Appeals was not, in fact, established, appellee, nevertheless, argues that Perret’s available remedy of injunctive relief to inhibit the construction of the objectionable building was never sought.