In re Clark.

(No. 83-074—Decided September 30, 1983.)

Court of Claims of Ohio.

*Mr. David W. T. Carroll,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Barry L. Gerson,* for appellant.

BAYNES, J. This is a decision on an appeal by the Attorney General of an order of a three-commissioner panel which reversed the order of a single commissioner denying an award of reparations from the Victims of Crime Reparations Special Account for failure of the application to have been filed within one year of the occurrence of the victim's criminally injurious injury.

The incident occurred on March 29, 1981. The application was filed on July 16, 1982 on behalf of minor children of the victim.

In spite of the fact that there have been innumerable decisions holding there are no exceptions to the restrictive and prohibitory one-year provisions of R.C. 2743.56(C) and 2743.60(A), and particularly three prior decisions directly involving minors, the panel of commissioners reversed the order of the single commissioner. They found and concluded that no one informed the minors that there was a right of claim as set forth in R.C. 2743.71.

The Attorney General's notice of appeal stated the order of the panel was manifestly contrary to law.

Appellee's brief attempts to distinguish the decision in *In re Thomas* (Sept. 30, 1980), Court of Claims No. 80-018, unreported, as to construction of R.C. 2743.71(A), which held that that section was directory and not mandatory. To be mandatory the notice provision duties conferred upon law enforcement agencies

would require the notice to be incorporated into the limitation provisions of the one-year filing requirement sections as was held in *Thomas.*

The fact that the minors in this case had no natural or legal guardian prior to the expiration of the one-year period is a distinction without a difference as to the fact that there is no tolling basis of any kind for anyone. And, indeed, there is no constitutional or other necessity that the Victims of Crime Act must have one. See *In re Deschler* (Sept. 24, 1981), Court of Claims No. 81-029, unreported.

The *Thomas* decision was followed by *In re Williams* (March 21, 1983), Court of Claims No. 83-017, unreported. It involved an attempted late filing by an adult. The decision antedated the panel's order in this case. If they were cognizant of it they apparently chose to ignore it: "The applicant-appellant argues, as others have done before, that the failure of certain public officers to perform the duty imposed by R.C. 2743.71 to notify victims [or others] of the availability of the victims-of-crime reparations program, although carrying no penalty, ought to extend the statute of limitations until a prospective claimant has knowledge of the Victims of Crime Act's provisions or impose a penalty on the designated public officers for failure to inform a prospective claimant of the Victims of Crime Act's provisions."

This court has no authority to legislate the latter, and absolutely no right, duty or inclination to legislate the former. A legislating judge, at the trial level, creates a multitude of problems, solves next to none, and may subject his competence to question.

By some feat of legerdemain, appellee would incorporate the general statutory tolling provisions of R.C. 2305.16, which applies to *actions* only, into the Victims of Crime Act. "*Applications* for awards of reparations arise by virtue of special legislation * * *. It is a special statutory proceeding. The right to participate is controlled by compliance with special criteria and restrictions contained in the Act, one of which is [that] the *application* must be filed within one year." (Emphasis added.) *In re Schroepfer* (1983), 4 Ohio Misc. 2d 15, 17.

Appellee argues that to apply the filing requirement to "orphan infants" creates an unconstitutional class. But see the *Deschler* decision, *supra.* When asked in oral argument by the court to cite a case on which the alleged unconstitutionality rested, counsel's reply was to the effect that a country-wide search was made but no such case could be found.

Decisions of this court have treated claims of the unconstitutionality of the Victim's of Crime Act with respect to liberty and property rights, the motor vehicle exclusion from criminally injurious conduct, penal inmates' alleged inability to file within a year, the inability to apply due to claimant's physical condition and a claimant's attempt to claim through a victim who was chargeable with contributory misconduct.

The latter two cases, *In re Taylor* (April 2, 1982), Court of Claims No. 82-019, unreported, and *In re Moss* (April 9, 1982), Court of Claims No. 82-021, unreported, cited *Harris* v. *McRae* (1980), 448 U.S. 297. It is well-settled that where a statutory classification does not itself impinge on a right or liberty protected by the Constitution, the validity of the class must be sustained unless the classification rests on grounds wholly irrelevant to the achievement of any legitimate governmental objective. But this court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis. See, also, 51 American Jurisprudence 2d 598, Limitation of Actions, Section 12, and at page 709, Section 138; 34 Ohio Jurisprudence 2d 563, Limitation of Actions, Section 88, and at page 572, Section 96.

Finally appellee argues that the Victims of Crime Act is a remedial statute. This erroneous conclusion has been the

subject of decisions by this court in several different aspects and has been rejected. The decision in *In re Mann* (April 25, 1980), Court of Claims No. 80-011, unreported, was a late filing case which observed: "Appellant incorrectly assumes the Victims [of Crime] Act to be a remedial act, which is one of procedure relating to the remedy and not to substantive rights or *causes of action.* Blackstone has described it as a statute which supplies defects and abridges something, unnecessary to the former law, either by expansion or contraction. See 50 Ohio Jurisprudence 2d 23, Statutes, Sections 14 & 15." (Emphasis added.)

*In re Schroepfer, supra,* at page 17, stated: " '* * * [The Act] provides a vehicle for certain persons, in a restricted way, to participate in a legislatively created class gift. It is not to be construed broadly or subject to remedial interpretation. It requires a construction reasonably limited to the terms used.' "

It was suggested to appellee's counsel during oral argument that the legislature has had occasion to amend the Victims of Crime Act since it became effective September 29, 1976. The construction and interpretation of the single commissioners, the panels of commissioners and the court have not been abrogated by legislative action except, perhaps, in substituting a statutory definition of contributory misconduct for the judicial definition. Not only is the statutory definition much broader, thereby constituting a larger basis for denials of awards, but also the former provision for a reduced award was removed from the statute.

The response of counsel was a lament that the legislative process is so complex and is subject to so many competing forces that his interpretation of the statute could only be legislated with great difficulty. That view, if viable, is hardly justification for arguing that the court should legislate substantive changes.

Moreover, there is no doubt that, if the legislative leadership had viewed the construction and interpretation given the Victims of Crime Act by the commissioners and the court as not substantially comporting with the legislative intent, they would have made the necessary changes.

But for the fact that appellee was entitled to counsel in an attempt to preserve, in view of the prior decisions of this court, a manifestly erroneous determination in reversing the single commissioner's denial of an award, an allowance of an attorney's fee on the court appeal should be made to appellee's attorney. R.C. 2743.65(A). Conversely, an appeal of a denial of an award by the panel might have constituted a frivolous appeal for which a fee might not have been allowed.

However, the record shows that, apparently, by inadvertence, since an appeal was pending, appellee's original attorney was allowed a fee of $427.50 for services to and including January 20, 1983. Particular attention should be given in these circumstances to the Proposed Supreme Court Rule for the Court of Claims, Victims of Crime Compensation Section, Attorney Fees. See Ohio Official Reports, Advance Sheets, Vol. 5, No. 5 (June 13, 1983), at A-7 to A-9.

By reason of all of the foregoing the court finds the Attorney General's assignment of error that the order of the panel of commissioners is unreasonable and unlawful based on *stare decisis* is well-taken and it is sustained. The order of this court will be that the order appealed from will be reversed, vacated and held for naught. It is so ordered.

*Order reversed.*