**Kevin BRUEGGER and Natalie Bruegger, parents and natural guardians of Jordan Bruegger, Appellants,**

v.

**FARIBAULT COUNTY SHERIFF'S DEPARTMENT, Respondent.**

No. C1–91–2237.

Court of Appeals of Minnesota.

June 16, 1992.

Review Granted Aug. 4, 1992.

---

Michael C. Krikava, Briggs and Morgan, Minneapolis, Kevin O'C. Green, Manahan, Bluth, Green, Friedrichs & Marsh, Mankato, for appellants.

Barrett W.S. Lane, Robert G. Haugen, Johnson & Lindberg, P.A., Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and SCHUMACHER and SCHULTZ,* J.

## OPINION

CRIPPEN, Judge.

Appellants brought this case to recover damages incurred as a result of respondent's failure to inform appellants of the availability of benefits under the Crime Victims Reparations Act, Minn.Stat. §§ 611A.51–.67 (1990), within the Act's one-year statute of limitation. The trial court awarded summary judgment for respondent, concluding that the Act imposed no actionable duty upon respondent. Appellants contend the trial court's interpretation of the statute is erroneous.

## FACTS

On June 20, 1988, Faribault County authorities were notified that a four-year old child had been abused by his babysitter. The child and his parents were interviewed by police and a police report was filed. No authority ever informed appellants of their rights under the Crime Victims Reparations Act. More than a year later, appellants discovered they had a remedy under the Act and attempted to file a claim for benefits, but the claim was rejected because it was filed after the statute's one-year limitation period had expired. *See* Minn.Stat. § 611A.53, subd. 2(e).

Appellants contend that without funds the child will be unable to continue therapy.[1] Appellants brought this suit to obtain

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

1. The babysitter threatened the child that something terrible would happen if the child ever told anyone about the abuse. Tragically, the day after the child told his mother about the abuse, he was in a near-fatal accident which he

damages which they claim were caused by respondent's failure to inform them of their rights under the Act.

## ISSUE

Is there any remedy for a law enforcement agency's failure to inform a victim of rights under the Crime Victims Reparations Act, notwithstanding the absence of an explicit provision in the statute?

## ANALYSIS

The Crime Victims Reparations Act provides a mechanism to compensate victims for actual economic loss incurred as a result of crime. Minn.Stat. § 611A.53. In order to encourage claimants, the Act requires the cooperation of law enforcement offices:

> All law enforcement agencies investigating crimes shall provide forms to each person who may be eligible to file a claim pursuant to sections 611A.51 to 611A.67 and to inform them of their rights hereunder. All law enforcement agencies shall obtain from the board and maintain a supply of all forms necessary for the preparation and presentation of claims.

Minn.Stat. § 611A.66. The statutory direction is mandatory; law enforcement agencies must inform crime victims of their rights under the Act. However, the statute suggests no penalty for the failure to provide this information.

According to *Lorshbough v. Township of Buzzle*, 258 N.W.2d 96, 98 (Minn. 1977), the violation of a statute which imposes a duty of care is negligence if proximate causation is shown. Whether a statute imposes such a duty depends upon the purpose of the statute. The Restatement (Second) of Torts § 286 (1965) provides:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

> (a) to protect a class of persons which includes the one whose interest is invaded, and
> (b) to protect the particular interest which is invaded, and
> (c) to protect that interest against the kind of harm which has resulted, and
> (d) to protect that interest against the particular hazard from which the harm results.

*See also Lorshbough*, 258 N.W.2d at 98 (adopting Restatement standard).

Minn.Stat. § 611A.66 invites application of the Restatement standard. The purpose of the Act—to protect crime victims—would be served by applying the Restatement standard. *Cf. Hoffert v. Owatonna Inn Towne Motel, Inc.*, 293 Minn. 220, 222–23, 199 N.W.2d 158, 160 (1972) (fire code meant to protect public generally; violation of code could not form basis of negligence action). Additionally, police officers are positioned to know whose claims are at risk if notice is not given. However, having deliberated on the power of the judiciary to announce a duty of care in accord with the Restatement, we decline to impose such a duty in these circumstances.

We observe initially that the statute contains no penalty provision. It is evident the Restatement's primary concern is with penal prohibitions. *But see Lorshbough*, 258 N.W.2d at 98 (application to statute without penal provision). More significantly, application of section 286 is generally limited to conduct which seriously threatens the safety of individuals or their property. *See, e.g., id.* at 102 (violation of pollution control regulations resulted in fire hazard).

We elect against imposing a duty of care because the statute fails to explicitly state such a duty and may preclude its imposition. We observe that the legislation has not established notice as a precondition to the running of the one-year statute of limitation. *See* Minn.Stat. § 611A.53, subd. 2(e). In this sense, the statute's requirement to notify victims is directory. *See In re Clark*, 8 Ohio Misc.2d 34, 34–35, 457

---

was convinced was the result of his disclosure. Appellants contend the child was unable to re-

ceive therapy after maximum benefits had been paid under their health insurance policy.

N.E.2d 965, 966 (Cl.Ct.1983) (in absence of explicit cause of action or penalty, court refused to impose penalty for failure of law enforcement agency to inform crime victim of rights under reparations act). This is true notwithstanding the mandatory "shall" used to describe the procedure to be employed by the police under the statute.

This interpretation is supported by the language of the statute of limitation. The one-year limitation is subject to an exception that a claimant who is unable to file a claim within one year may file a claim within one year after becoming able to do so. Minn.Stat. § 611A.53, subd. 2(e). However, the statute specifically states:

> The following circumstances do not render a claimant unable to file a claim for the purposes of this clause: (1) lack of knowledge of the existence of the Minnesota crime victims reparations act, (2) the failure of a law enforcement agency to provide information or assistance to a potential claimant under section 611A.66, (3) the incompetency of the claimant if the claimant's affairs were being managed during that period by a guardian, guardian ad litem, conservator, authorized agent, or parent, or (4) the fact that the claimant is not of the age of majority.

*Id.* This language suggests that the legislature specifically considered the consequences of a failure to give notice but chose to provide no remedy. *See Jeffers v. Convoy Co.*, 636 F.Supp. 1337, 1341 (D.Minn.1986) (where legislative intent clearly shows consequences of statute's violation were considered, failure to provide private right of action dispositive). The legislature specifically negated the most logical remedy—extending the statute of limitation where police officers fail to inform victims of their rights.[2]

In conclusion, neither interpretation of legislative intent is compelling. However,

a proper level of judicial restraint militates against declaration of a new form of civil liability not clearly declared by the legislature. Final resolution of the issue awaits further legislative attention. Although we have held that the Act should be broadly construed, *In re Oakgrove*, 371 N.W.2d 69, 71 (Minn.App.1985), this is of little value in the absence of an explicit remedy.[3]

### DECISION

We agree with the trial court that Minn. Stat. § 611A.66 does not impose a duty upon a law enforcement agency which can support a negligence action.

Affirmed.

---

**2.** The trial court suggested that the legislature may have expected that the problem would be remedied by a civil claim. We reject this hypothesis, concluding it is more likely the legislature specifically withheld a remedy.

**3.** In light of our determination that the reparations statute imposes no duty on respondents which can form the basis of a negligence action, we decline to review respondent's arguments that it is immune from suit.