[Cite as *In re Temethy*, 2011-Ohio-5296.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: ROGER G. TEMETHY


ROGER G. TEMETHY

      Applicant

     Case No. V2010-50671

Commissioners:
Randi M. Ostry, Presiding
Karl C. Kerschner
Elizabeth Luper Schuster

ORDER OF A THREE-COMMISSIONER PANEL

_____

{¶1}On April 21, 2010, the applicant, Roger Temethy, filed a compensation application. The applicant alleges on September 8, 2003, while he was at work his former roommate Margaret Baum, her companion Mike Skufeeda, and various family members came to his residence and stole cash and numerous items. The applicant asserts his life was threatened, and Margaret Baum ultimately forced him into bankruptcy, which was filed on March 10, 2005 and discharged on June 15, 2005. The applicant asserts his attorney Teddy Sliwinski never told him about a restraining order that was issued against him or advised him of his rights under the Ohio Crime Victims Compensation Program. On June 2, 2010, the Attorney General issued a finding of fact and decision finding the applicant's claim should be denied for failure to file his compensation application within two years of the occurrence of the alleged criminal incidents pursuant to R.C. 2743.56(B)(2) and R.C. 2743.60(A). Furthermore, the applicant failed to prove he was a victim of criminally injurious conduct pursuant to R.C. 2743.51(C)(1).

{¶2}On June 7, 2010, the applicant submitted a request for reconsideration. On July 30, 2010, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. On August 6, 2010, the applicant filed a notice of appeal from the

July 30, 2010 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on November 17, 2010 at 10:30 A.M.

{¶3}The applicant appeared at the hearing and Assistant Attorneys General Lauren Angell and Amy O'Grady represented the state of Ohio.

{¶4}The applicant was apprised of his right to counsel, however, he waived his right and chose to proceed pro se. The applicant asserted that he was a victim of four crimes: 1) he was defrauded into filing a Chapter 7 Bankruptcy action; 2) he was repeatedly subjected to threats of harm and/or death; 3) he was placed under a five-year restraining order which he had no knowledge of; and 4) he was illegally arrested in Lorain, Ohio without any probable cause. Finally, another restraining order was issued against him for one year without his knowledge. However, the most unlawful actions taken against him were promulgated by the Ohio Disciplinary Counsel in its refusal to take actions against attorneys and judges who wronged him with the use of the judicial process. Whereupon, the applicant concluded his remarks and presented Applicant's Exhibits 1-6 for the panel's consideration.

{¶5}The Attorney General stated after review of the applicant's compensation application, correspondence, and statements made at the hearing there appear to be 12 incidents of alleged criminal conduct. However, each incident is barred by the statute of limitations. In order for this panel to reach the merits of these incidents the applicant had to file his compensation application within two years of their occurrence, however, he failed to do so. Furthermore, the applicant failed to prove he was a victim of criminally injurious conduct, failed to timely file a police report, and engaged in substantial contributory misconduct.

{¶6}In response to the Attorney General's statements, the applicant asserted the statute of limitations should not apply since when a lay person goes to an attorney he should be able to rely on the attorney for proper advice and to inform him of the availability of any remedy that may be afforded to him, including the Ohio Victims of Crime Compensation Program.   The failure of his attorney to inform him of the Program should not be imputed to him.   Whereupon, the hearing was concluded.

{¶7}R.C. 2743.56(B)(2) states:

"(B) All applications for an award of reparations shall be filed as follows:

"(2) If the victim of the criminally injurious conduct was an adult, within two years after the occurrence of the criminally injurious conduct."

{¶8}R.C. 2743.60(A) in pertinent part states:

"(A) The attorney general, a court of claims panel of commissioners, or a judge of the court of claims shall not make or order an award of reparations to any claimant who, if the victim of the criminally injurious conduct was an adult, did not file an application for an award of reparations within two years after the date of the occurrence of the criminally injurious conduct that caused the injury or death for which the victim is seeking an award of reparations . . ."

{¶9}The applicant's lack of knowledge of the existence of the Ohio Victims of Crime Compensation Program does not toll the statute of limitations.   *In re Robinson*, V2009-40733tc (3-12-10) affirmed jud (5-25-10); *In re Proviano*, V2007-90722tc (8-22-08) affirmed jud (2-19-09).

{¶10}Alleged erroneous advice by an attorney is not sufficient to toll the statute of limitations.   *In re Mowery*, V79-3088jud (4-28-80).   See also, *In re Mulholland*, V2010-50361tc (8-27-10); *In re Davis*, V97-69086tc (11-20-98); and *In re Totton*, V2004-60342tc (10-14-04).

{¶11}On November 18, 2010, the applicant filed a letter requesting a new hearing.   On November 19, 2010, the Attorney General filed a memorandum in opposition to the applicant's request for a new hearing.

{¶12}From review of the file and with full and careful consideration given to the statements of the applicant, the exhibits he presented at the hearing, and the arguments advanced by the Attorney General, we find the Attorney General's Final Decision of July 30, 2010 should be affirmed.  The only issue before this panel was whether the applicant filed his compensation application within two years of the occurrence of the alleged criminally injurious conduct.  The applicant presented no evidence that the compensation application was timely filed.

{¶13}This court has consistently held that the two-year statute of limitations set forth in R.C. 2743.56(B)(2) and R.C. 2743.60(A) is mandatory and jurisdictional.  See *In re Clark* (1983), 8 Ohio Misc. 2d 34, 457 N.E. 2d 965.  The only exceptions to this interpretation fall into two categories.  This court has held that: 1) lack of knowledge that a crime occurred, see *Irwin, supra*; or 2) status of the victim and unsound mind, *In re Lattanzi* (1990), 61 Ohio Misc. 2d 546, 580 N.E. 2d 541; mental incompetency, *In re Myers*, V2001-32461tc (7-31-02); physical disability, *In re McKee*, V95-49258tc (3-28-97); and repressed memory, *In re Michaud*, V92-66356tc (10-28-94) all relate to the applicant's inability to recall the occurrence of the criminally injurious conduct.  *In re Lay* (1991), 63 Ohio Misc. 2d 35, 619 N.E. 2d 1196; *In re Stringfellow*, V98-60813tc (2-11-00); and *In re Johnson*, V92-78656tc (5-31-94) concerned the minority status of the victims in tolling the statute of limitations.

{¶14}Neither the applicant's lack of knowledge of the program nor the failure of his attorney to inform him of the program qualify as an exception to the two-year statute of limitations as noted above.  Since the applicant's compensation application was not timely filed this panel will not reach the issues concerning criminally injurious conduct, failure to timely report to the police, or contributory misconduct.  Therefore, the Attorney General's July 30, 2010 decision is affirmed.

IT IS THEREFORE ORDERED THAT

{¶15}1) The Applicant's Exhibits 1-6 are admitted into evidence;

{¶16}2) The applicant's request for a new hearing is DENIED since the hearing of November 17, 2010 was in compliance with R.C. 2743.61(B);

{¶17}3) The July 30, 2010 decision of the Attorney General is AFFIRMED;

{¶18}4) This claim is DENIED and judgment is rendered for the state of Ohio;

{¶19}5) Costs are assumed by the court of claims victims of crime fund.

 

_____
RANDI M. OSTRY
Presiding Commissioner

 

_____
KARL C. KERSCHNER
Commissioner

 

_____
ELIZABETH LUPER SCHUSTER
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2011\January 2011\V2010-50671Temethy.wpd\DRB-tad

     A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 1-14-11
Jr. Vol. 2277, Pgs. 161-165
Sent to S.C. Reporter 10-13-11