[Cite as *In re Torres*, 2011-Ohio-5289.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: ALFREDO F. TORRES


ALFREDO F. TORRES

       Applicant


Case No. V2010-50761

Commissioners:
Karl C. Kerschner, Presiding
Lloyd Pierre-Louis
Susan G. Sheridan

ORDER OF A THREE-COMMISSION PANEL

COMMISSIONER PANEL

{¶ 1} On June 16, 2010, the applicant filed a compensation application as the result of an alleged assault which occurred on June 12, 2004. On July 23, 2010, the Attorney General issued a finding of fact and decision which denied the claim pursuant to R.C. 2743.56(B)(2) and R.C. 2743.60(A), failure to timely file the compensation application within two years of the alleged occurrence of the criminal conduct. On August 7, 2010, the applicant submitted a request for reconsideration. On September 1, 2010, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On September 15, 2010, the applicant filed a notice of appeal from the September 1, 2010 Final Decision of the Attorney General.

{¶ 2} On November 2, 2010, the Attorney General filed a brief wherein the Attorney General stated that the applicant, an adult, had alleged he was assaulted on June 12, 2004, however, he did not file the compensation application until June 16, 2010. The statute mandates that an adult has two years from the date of the criminally injurious conduct to file a compensation application. The Attorney General stated that in prior telephone contact with the applicant, the applicant related the reason he filed the

application in an untimely manner was that he was unaware of the existence of the Victims of Crime Compensation Program. The Attorney General asserts, based on prior case law, this reason is insufficient in tolling the statute of limitations. Therefore, the Attorney General's Final Decision should be affirmed.

{¶ 3} On December 1, 2010, a hearing was held before this panel of commissioners at 10:45 A.M. David Lockshaw, Assistant Attorney General appeared on behalf of the state of Ohio. The applicant did not attend the hearing. However, in order to accommodate the applicant, two telephone calls were attempted to the applicant's residence placed. The Attorney General rested on its brief, whereupon the hearing was concluded.

{¶ 4} R.C. 2743.56(B)(2) states:

"(B) All applications for an award of reparations shall be filed as follows:

"(2) If the victim of the criminally injurious conduct was an adult, within two years after the occurrence of the criminally injurious conduct."

{¶ 5} R.C. 2743.60(A) in pertinent part states:

"(A) The attorney general, a court of claims panel of commissioners, or a judge of the court of claims shall not make or order an award of reparations to any claimant who, if the victim of the criminally injurious conduct was an adult, did not file an application for an award of reparations within two years after the date of the occurrence of the criminally injurious conduct that caused the injury or death for which the victim is seeking an award of reparations . . ."

{¶ 6} Lack of knowledge of the existence of the Victims of Crime Compensation Program does not toll the statute of limitations. *In re Clark* (1983), 8 Ohio Misc. 2d 34; *In re Proviano*, V2007-90722tc (8-22-08) affirmed jud (2-19-09); and *In re Robinson*, V2009-40773tc (3-12-10).

{¶ 7} From review of the case file and with full and careful consideration of the Attorney General's brief, we find the applicant's claim should be denied pursuant to R.C.

2743.56(B)(2) and R.C. 2743.60(A). Therefore, the Attorney General's September 1, 2010 decision is affirmed.

IT IS THEREFORE ORDERED THAT

{¶ 8} 1)  The September 1, 2010 decision of the Attorney General is AFFIRMED;

{¶ 9} 2)  This claim is DENIED and judgment is rendered for the state of Ohio;

{¶10} 3)  Costs are assumed by the court of claims victims of crime fund.

_____
KARL C. KERSCHNER
Presiding Commissioner


_____
LLOYD PIERRE-LOUIS
Commissioner


_____
SUSAN G. SHERIDAN
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2011\January 2011\V2010-50761 Torres.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Lorain County Prosecuting Attorney and to:

Filed 1-27-11
Jr. Vol. 2277, Pgs. 193-195
Sent to S.C. Reporter 10-13-11