[Cite as *In re Graham*, 2011-Ohio-4354.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: ROBERT F. GRAHAM

ROBERT F. GRAHAM

Applicant

Case No. V2010-50817

Commissioners:
Karl C. Kerschner, Presiding
Susan G. Sheridan
E. Joel Wesp

ORDER OF A THREE-COMMISSIONER PANEL

---

{1}On May 11, 2010, the applicant, Robert Graham, filed a compensation application as the result of a criminal incident which occurred on October 12, 2006. On May 21, 2010, the Attorney General issued a finding of fact and decision denying the applicant's claim pursuant to R.C. 2743.56(B)(2) and 2743.60(A), for failure to timely file the compensation application within two years of the occurrence of the criminally injurious conduct. On June 4, 2010, the applicant submitted a request for reconsideration. On July 30, 2010, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On October 4, 2010, the applicant filed a notice of appeal from the July 30, 2010 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on April 6, 2011 at 10:20 A.M.

{2}The applicant, Robert Graham, and his attorney, Kevin Sanislo, appeared at the hearing, while Assistant Attorney General Matthew Karam represented the state of Ohio.

{3}The applicant asserts that he initially signed a compensation application on October 31, 2006 as the result of the criminally injurious conduct which occurred on

October 12, 2006.   However, this application was not filed with the Attorney General's office until May 11, 2010.   The applicant contends that based upon his mental condition resulting from the shooting incident, the statute of limitations should be tolled.

{4}The Attorney General stated that this case involves the statute of limitations. However, the Attorney General posits that the applicant has failed to establish that he suffered from mental incompetence or unsound mind.   Furthermore, the applicant has not established by a reasonable degree of medical certainty that his Post Traumatic Stress Disorder (PTSD) was so severe as to prevent him from timely filing a compensation application.   Accordingly, the Final Decision of the Attorney General should be affirmed.

{5}Robert Graham testified that he was the victim of an aggravated robbery on October 12, 2006 and sustained a gunshot wound to the stomach.   As the result of the injuries he sustained he spent eight days in the hospital.   The applicant chronicled his history of both medical and mental health treatment from the day of the incident to the present day.

{6}The applicant detailed his sporadic work history after the incident.   His attempts to return to full employment were interrupted by a series of medical procedures.   The applicant revealed he has not been employed since January 2009.

{7}The applicant was shown the compensation application.   He stated that the third page of the application contained his signature and was dated October 31, 2006. Mr. Graham stated he signed and dated the application, but the body of the form was filled out by a woman who worked at the Akron Crime Victims Assistance Office.   He explained that his sister transported him to that office for the purpose of filling out and filing a compensation application.   He stated the person at the Akron office made a copy of the application and he assumed the application was filed.   He was told to wait until he had incurred all his economic losses, and he believed he had five years to provide proof of his expenses.

{8}The applicant was then directed to the time stamp which appeared on the front of the application. The time stamp revealed the date of May 11, 2010. Mr. Graham stated he mailed the application to the Attorney General's office on that date. The applicant reported that he delayed filing the application because he did not know all his losses and could not deal with his situation.

{9}Upon questioning by the commissioners the applicant asserted that it was his understanding that filing the compensation application in Akron meant that he had five years to submit any economic loss to the Attorney General's office. The applicant understood that the application had to be filed within two years from the occurrence of the crime and then he had an additional five years to supplement his claim. He was under the impression that when he signed the compensation application in Akron, the claim was filed with the Victims of Crime Compensation Program. The applicant related he filed the claim with the Attorney General's office on May 11, 2010 because he had incurred monetary loss and he knew the five-year time period would soon expire.

{10}Upon cross-examination, the applicant conceded that he was a taxicab driver in addition to the other employment opportunities he pursued. He also acknowledged that he filed for unemployment compensation when he was out of work. He stated he lives on his own and provides for himself the best he can. Whereupon, the testimony of the applicant was concluded.

{11}In his closing statement the applicant contends the statute of limitations should be tolled pursuant to the PTSD. The applicant asserts the panel should rely on the letter from Dr. Seagraves, which states in pertinent part: "His severe post traumatic stress disorder is in effect (sic) precludes him from being able to file his application in a timely manner," to find the statute of limitations should be tolled.

{12}The Attorney General stated that a review of the applicant's activities after the shooting incident reveals that he has lived on his own, had a variety of jobs and applied for unemployment compensation. All of these activities reveal someone who was not of unsound mind or mentally incompetent. Accordingly, the applicant has

failed to prove, by a reasonable degree of medical certainty, that he was so incapacitated that he was unable to manage his own affairs.  Therefore, the statute of limitations should not be tolled.

{13}With respect to the situation which transpired in Akron, the Attorney General believed a miscommunication occurred between the applicant and the person assisting him.  Furthermore, there is no case law supporting the proposition that a miscommunication should toll the statute of limitations.  Whereupon, the hearing was concluded.

{14}R.C. 2743.56(B)(2) states:

"(B) All applications for an award of reparations shall be filed as follows:

"(2) If the victim of the criminally injurious conduct was an adult, within two years after the occurrence of the criminally injurious conduct."

{15}R.C. 2743.60(A) in pertinent part states:

"(A) The attorney general, a court of claims panel of commissioners, or a judge of the court of claims shall not make or order an award of reparations to any claimant who, if the victim of the criminally injurious conduct was an adult, did not file an application for an award of reparations within two years after the date of the occurrence of the criminally injurious conduct that caused the injury or death for which the victim is seeking an award of reparations..."

{16}A judge of the Court of Claims has interpreted R.C. 2743.56(C) (current R.C. 2743.56(B)) and R.C. 2743.60(A) to be mandatory and jurisdictional.  *In re Clark* (1983), 8 Ohio Misc. 2d 34.

{17}A person who is of unsound mind should have additional time in which to file the compensation application.  The judge relied on the explanation contained in *Lowe v. Union Trust Co.* (1931), 124 Ohio St. 302, which stated: "Where a plaintiff claims to have been of unsound mind at the time a cause of action occurs, so as to suspend the statute of limitations...plaintiff has the burden of proving that he was suffering from some species of mental deficiency or derangement, so as to be unable to

look into his affairs, properly consult counsel, prepare and present his case and assert and protect his rights in a court of justice." *In re Lattanzi* (1990), 61 Ohio Misc. 2d 546.

{18}Unsound mind "exists where there is an essential deprivation of the reasoning facilities, or where a person is incapable of understanding and acting with discretion in the ordinary affairs of life." Black's Law Dictionary Sixth Edition (1990).

{19}Black's Law Dictionary Sixth Edition (1990) defines incompetency as: "lack of ability, knowledge, legal qualifications or fitness to discharge the required duty or professional obligation."

{20}Erroneous advice received from an attorney with respect to filing an application does not toll the statute of limitations. *In re Mowery*, V79-3088jud (4-28-80).

{21}In *In re Hartman*, V78-4210jud (10-1-80) a judge of the Court of Claims stated with respect to untimely filed applications "arguments that the claimant did not understand; misconstrued the law or instructions; was given wrong advice; or that some person or agency failed to timely file the application, without fault on claimant's part have all been rejected."

{22}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{23}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{24}From review of the case file and upon full and careful review of the applicant's testimony presented and arguments at the hearing, we find the applicant's claim should be denied pursuant to R.C. 2743.56(B) and 2743.60(A).

{25}The applicant presented two different legal theories to overcome the mandatory and jurisdictional nature of R.C. 2743.56(B)(2) and 2743.60(A). First, the applicant contended that the PTSD he suffered after the criminal conduct of October 12, 2006 was so severe that it tolled the statute of limitations until he filed the compensation application on May 11, 2010. In support of this proposition, the applicant offered the handwritten letter authored by Dr. Seagraves. The letter, a conclusory statement by the doctor, merely stated the PTSD was so severe as to preclude the applicant from filing the application in a timely manner. While the applicant testified concerning the mental trauma he experienced at the time of the incident and in the subsequent months and years, he also related he was employed on and off during this period, filed for unemployment benefits, managed his prescription drug schedule, made a series of appointments with both his medical and mental health providers, and managed his day-to-day affairs.

{26}In order for the statute of limitations to be tolled the applicant has the burden to establish by a reasonable degree of medical certainty that he was of unsound mind or incompetent. The applicant has failed to meet his burden. We do not find that from the occurrence of the criminally injurious conduct on October 12, 2006 until the filing of the compensation application on May 11, 2010, the applicant was "incapable of understanding and acting with discretion in the ordinary affairs of his life" or that he lacked the ability, knowledge, legal qualifications or fitness to discharge the required duty or professional obligations.

{27}The applicant's fitness and ability was evidenced by his understanding of the application process when he met with the Akron Victim Witness personnel on October 26, 2006. The applicant related he understood a two-year statute of limitations existed in which the initial application needed to be filed and a supplemental reparations application could be filed five years after that date to submit additional economic loss incurred as the result of the criminally injurious conduct. Finally, the applicant acknowledged that he filed claims for unemployment compensation during the same

period he asserts he suffered from unsound mind and incompetence. Therefore, the applicant has failed to meet his burden of proof with respect to tolling the statute of limitations.

{28}Applicant also argues that he relied on representations made by an individual working at the Akron Victim Assistance Program that his application had been filed. However, prior case law, *In re Mowery*, V79-3088jud (4-28-80) and *In re Hartman,* V78-4210jud (10-1-80), clearly held that reliance on others, even one's own attorney, is insufficient to toll the statute of limitations. Accordingly, applicant's argument is not persuasive.

{29}Therefore, the Attorney General's decision of July 30, 2010 is affirmed.

IT IS THEREFORE ORDERED THAT

{30}1)   The July 30, 2010 decision of the Attorney General is AFFIRMED;

{31}2)   This claim is DENIED and judgment is entered for the state of Ohio;

{32}3)   Costs are assumed by the court of claims victims of crime fund.

 

_____
KARL C. KERSCHNER
Presiding Commissioner

 

_____
SUSAN G. SHERIDAN
Commissioner

 

_____
E. JOEL WESP
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2011\March 2011\V2010-50817 Graham.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 5-6-11
Jr. Vol. 2278, Pgs. 114-121
Sent to S.C. Reporter 8-30-11